Donald R. HAGAN, Appellee,

v.

Paul D. CASPARI, Appellant.

Donald R. HAGAN, Appellant,

v.

Paul D. Caspari, Appellee.

Nos. 94–2654, 94–2698.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 9, 1995.

Decided March 15, 1995.

Frank A. Jung, Asst. Atty. Gen., Jefferson City, MO, argued for appellant.

Counsel who represented the appellee did not argue.

Before BOWMAN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

BOWMAN, Circuit Judge.

Donald Hagan, a Missouri prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988). The District Court, adopting the report and recommendation of a magistrate judge finding merit in Hagan's due process claim, granted the petition. The State of Missouri, through Paul D. Caspari, superintendent of the Missouri Eastern Correctional Center, timely appeals. We reverse. Hagan cross-appeals the District Court's denial of his claim for habeas relief on the basis of ineffective assistance of counsel. We affirm.

544

## I.

On February 25, 1989, Hagan, brandishing a gun, took money and cigarettes from a gas station in St. Louis. Three days later, also in St. Louis, Hagan wrestled a set of keys from Rose Lee Litschitz and used them to abscond with her 1989 Chevrolet van. These criminal acts led to Hagan's arrest.

The state charged Hagan with three crimes: (1) armed robbery of the gas station in violation of Mo.Rev.Stat. § 569.020 (1986) (first-degree robbery); (2) robbery of Litschitz's keys in violation of Mo.Rev.Stat. § 569.030 (second-degree robbery); and (3) stealing Litschitz's van in violation of Mo. Rev.Stat. § 570.030. Hagan pled guilty to all three charges, specifically admitting the facts underlying each charge. The trial court sentenced Hagan to concurrent prison terms of fifteen years for the first-degree robbery conviction, fifteen years for the second-degree robbery conviction, and seven years for the stealing conviction. Thus his aggregate sentence for the three crimes is fifteen years.

Hagan filed a timely motion for post-conviction relief, *see* Mo.S.Ct.R. 24.035 (1989), arguing, *inter alia,* that to convict him of stealing the van on top of second-degree robbery for forcibly taking the keys to the van violates the Double Jeopardy Clause. *See* U.S. Const., amend. V. The trial court denied the motion, but the Missouri Court of Appeals (Eastern District) reversed, finding merit in Hagan's double jeopardy argument and throwing out his conviction for stealing the van. *See Hagan v. State,* No. 59047, 1991 WL 222213 (Mo.App.E.D. Nov. 5, 1991). The Supreme Court of Missouri reversed the court of appeals and affirmed the trial court's denial of Hagan's Rule 24.035 motion. *Hagan v. State,* 836 S.W.2d 459 (Mo.1992) (en banc). In the course of its decision, the supreme court overruled *State v. Lewis,* 633 S.W.2d 110 (Mo.App.1982), a Missouri Court of Appeals (Western District) decision that Hagan had relied on for his double jeopardy argument. *Id.* at 462.

Hagan subsequently filed the present petition for federal habeas corpus relief. In his

petition, Hagan claims that the decision of the Missouri Supreme Court in his case violated his rights under the Double Jeopardy Clause and retroactively applied an unforeseeable change in state law in violation of his rights under the Due Process Clause. *See* U.S. Const., amends. V, XIV. He also claims, as he claimed unsuccessfully in the state courts, that he was denied his constitutional right to effective assistance of counsel because his trial counsel failed to advise him that the Double Jeopardy Clause might provide him with a defense to one of the charges and because his trial counsel misinformed him as to the maximum amount of time he would spend in jail if he went to trial and was convicted. *See* U.S. Const., amends. VI, XIV. Each of these claims is based on Hagan's argument that he could not be convicted of both robbery of the keys and stealing the van under the Double Jeopardy Clause and Missouri law as construed in *State v. Lewis,* 633 S.W.2d 110 (Mo.App.W.D.1982).

The District Court, adopting and incorporating the report and recommendation of the magistrate judge, held first that the two convictions at issue did not violate the Double Jeopardy Clause.[1] The court further held, however, that the state supreme court's decision in *Hagan* to overrule the decision of the state court of appeals in *Lewis* was an unforeseeable change in state law, the retroactive application of which violated the Due Process Clause. As a result, the District Court conditionally granted Hagan's petition, giving the state an opportunity to resentence him, the new sentence to exclude either the second-degree robbery conviction or the stealing conviction. Additionally, the District Court rejected Hagan's claim that his trial counsel failed to provide effective assistance.

## II.

■ The state argues that the District Court erred in finding that the Missouri Supreme Court violated Hagan's due process rights by overruling the Missouri Court of Appeals decision in *Lewis.*[2] The question of

---

1. Hagan does not appeal this part of the District Court's decision.

2. The state also argues that the District Court created a new rule of law when it announced that the overruling of a lower court precedent by

whether the overruling of *Lewis* was an unforeseeable change in state law,[3] and thus a deprivation of due process, is a question of federal law, which we review *de novo*. *See Moore v. Wyrick*, 766 F.2d 1253, 1255 (8th Cir.1985), *cert. denied*, 475 U.S. 1032, 106 S.Ct. 1242, 89 L.Ed.2d 350 (1986).

■ The retroactive application of an unforeseeable interpretation of a criminal statute, if detrimental to a defendant, generally violates the Due Process Clause. *See Davis v. Nebraska*, 958 F.2d 831, 833 (8th Cir.1992). As the Supreme Court held in *Bouie v. City of Columbia*, 378 U.S. 347, 355, 84 S.Ct. 1697, 1703, 12 L.Ed.2d 894 (1964), such action deprives a defendant of "due process of law in the sense of fair warning that his contemplated conduct constitutes a crime." *See also Moore v. Wyrick*, 766 F.2d at 1255. Not every retroactive application of a judicial construction of the law, however, violates the Due Process Clause; it does so only if it "punishes as a crime an act previously committed, which was innocent when done; ... makes more burdensome the punishment for a crime, after its commission; or ... deprives one charged with a crime of any defense available according to the law at the time when the act was committed...." *Davis*, 958 F.2d at 833 (quoting *Collins v. Youngblood*, 497 U.S. 37, 42, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990) (quoting *Beazell v. Ohio*, 269 U.S. 167, 169, 46 S.Ct. 68, 68, 70 L.Ed. 216 (1925))); *see also Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1798) (ex post facto clause).

The state contends that the decision in *Hagan* was entirely foreseeable, and there-fore its application to Hagan did not violate the Due Process Clause. Missouri law, according to the state, was unsettled at the time of Hagan's conviction and the state supreme court, having never addressed the precise question at issue, is not obligated to apply an erroneous decision of a lower state court in order to avoid violating the Due Process Clause.

■ Hagan argues that while the state supreme court "could" have overruled *Lewis* it is not clear that the court "would" have overruled the decision. As evidence for this proposition, Hagan notes that (1) the state supreme court refused to review *Lewis* in 1982 "which implies that it agreed or at least did not disagree" with the rule in that case; (2) prosecutors, defense attorneys, and judges relied on the *Lewis* rule for more than a decade; and (3) the *Lewis* decision cites Supreme Court and state supreme court opinions. Appellee's Brief at 3–4. All of these arguments are irrelevant. A court's refusal to exercise discretionary review of a lower court's decision implies nothing about the merits of the lower court's decision. *See United States v. Carver*, 260 U.S. 482, 490, 43 S.Ct. 181, 182, 67 L.Ed. 361 (1923); *Tatum v. St. Louis Metro Delivery, Inc.*, 887 S.W.2d 679, 683 (Mo.App.E.D.1994). The reliance of prosecutors, et al., and the citation of authorities does not make the overruling of *Lewis* more or less foreseeable. To resolve the foreseeability issue, we must examine *Lewis* and its legal underpinnings.

In *Lewis*, the defendant seized a woman's car keys at gunpoint and then used the keys

---

the state's highest court can be an unforeseeable expansion of criminal liability and thus a denial of due process. Under *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), new rules of constitutional law developed on collateral review do not apply to the petitioner's benefit in most circumstances, and the state argues the District Court erred when it failed to address its *Teague* argument. Our holding rejecting Hagan's due process claim makes the *Teague* issue moot. We therefore do not address it.

3. Some confusion exists both in the magistrate judge's report and recommendation and in the briefs on appeal as to whether Hagan claims that the state supreme court's opinion in *Hagan* rep-resents an unforeseeable change in state law or an unforeseeable change in the state's application of federal double jeopardy principles. Hagan's unforeseeability argument is based on *State v. Lewis*, 633 S.W.2d 110 (Mo.App.W.D.1982), which rests solely on state law grounds. We therefore assume that Hagan is arguing that the state supreme court's decision in his case effects an unforeseeable change in state law. We note, however, that the state supreme court's decision in *Hagan* rests primarily on federal double jeopardy grounds. As discussed below, that portion of the *Hagan* opinion is a straightforward application of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and it thus rests on well-settled principles of federal constitutional law. *See infra* pp. 546–47.

to steal her car. Factually, *Lewis* and this case are indistinguishable. The Missouri Court of Appeals (Western District) reversed Lewis's stealing conviction and held that convictions for both second-degree robbery and stealing would contravene Mo.Rev.Stat. § 556.041, which prohibits convictions for two offenses when one is a lesser included offense of the other, and Missouri's single-larceny rule, codified as Mo.Rev.Stat. § 570.050, which defines the stealing of several articles of property during the same scheme or course of conduct as a single offense of stealing. *Lewis,* 633 S.W.2d at 113–16.

■ Stealing, in certain cases, can be a lesser included offense of second-degree robbery but, as a review of the applicable Missouri statutes shows, it can also be a separate offense. The Missouri code defines stealing as the appropriation of property or services of another "with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion." Mo.Rev.Stat. § 570.030 (1986). Second-degree robbery is defined as forcibly stealing property. Mo. Rev.Stat. § 569.030. The code defines forcible stealing as the use or threat of immediate use of physical force during the course of stealing that prevents or overcomes resistance or that compels another to deliver the property or to engage in other conduct aiding the commission of the theft. Mo.Rev.Stat. § 569.010(1).

An included offense under Missouri law is one "established by proof of the same or less than all of the facts required to establish the commission of the offense charged...." Mo. Rev.Stat. § 556.046.1(1). The *Lewis* court noted that Missouri's definition of an included offense is based on *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. at 180, 76 L.Ed. 306 (1932). In *Blockburger* the Supreme Court held that when "the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304, 52 S.Ct. at 182. In *Blockburger* the

defendant had engaged in one drug transaction that violated two provisions of the Narcotics Act, and the Court affirmed his two convictions because the two provisions required proof of different facts.

Based on its reading of the applicable Missouri statutes, the Missouri Supreme Court concluded in *Hagan* that *Lewis* was wrongly decided. Its core holding was at odds with the plain meaning of section 556.046.1 and *Blockburger.* To prove the offense of second-degree robbery of the keys, the state had to show that the keys were taken forcibly from the victim without her consent. The state did not have to prove that a vehicle was also taken without the victim's consent. To prove the offense of stealing a motor vehicle in this case, the state had to prove that the vehicle was taken without the victim's consent. The state did not have to prove that the vehicle's keys were taken forcibly without consent. Each statutory offense requires proof of at least one fact that the other does not.[4]

The Missouri single-larceny rule, Mo.Rev. Stat. § 570.050, provides as follows:

Amounts stolen pursuant to one scheme or course of conduct, whether from the same or several owners and whether at the same or different times, constitute a single criminal episode and may be aggregated in determining the grade of the offense.

The state supreme court, in the course of overruling *Lewis,* stated that "[b]y its own terms, the statute applies solely to charges of stealing." *Hagan,* 836 S.W.2d at 462. The limited purpose of the statute is to combine the value of all property stolen to determine the grade of the stealing offense charged. Thus the single-larceny rule provided no impediment to Hagan's convictions on both robbery and stealing charges. *Id.* at 462–63. Again, it follows that the *Lewis* court was wrong, and plainly so, for the decision was contrary to the clear language of the statute the court was interpreting.

Given this background, we conclude that the state supreme court's decision to overrule

---

4. Section 556.046.1 would prevent Hagan from being convicted of second-degree robbery of the keys and of stealing the same keys. In such a hypothetical case, stealing would be a lesser included offense of second-degree robbery.

*Lewis* was eminently foreseeable. We have some doubt whether a state supreme court's overruling of an intermediate appellate court decision ever can constitute a change in state law for due process purposes. In fact, we are strongly inclined to agree with the state that until the state's highest court has spoken on a particular point of state law, the law of the state necessarily must be regarded as unsettled. Here, however, we need not decide whether the overruling of *Lewis* "changed" state law, because in this case it is perfectly clear that anyone reading the pertinent Missouri statutes could easily have concluded that *Lewis* was contrary to their plain meaning. It therefore was readily foreseeable that *Lewis* was likely to be overruled once a case calling it into question reached the Missouri Supreme Court. Hagan's due process rights were not violated when the Missouri Supreme Court used his case as the occasion to overrule the intermediate appellate court decision in *Lewis*. This result was readily foreseeable, and Hagan was not denied fair notice of the extent of his liability for his crimes.

*Moore v. Wyrick,* relied on both by Hagan and the District Court, is not to the contrary. In *Moore,* this Court considered whether an expansion of the Missouri felony murder statute violated the Due Process Clause. In deciding Moore's direct appeal, the Missouri Supreme Court overruled its own precedent narrowly construing the statute and applied an expanded reading to Moore's case. The prior decision was not inconsistent with the statute; the court explicitly "reexamined" its prior interpretation of the law and in so doing extended the reach of the felony murder statute. *See Moore,* 766 F.2d at 1257–59. We held that this was an unforeseeable expansion of criminal liability and that the enlarged reading of the statute could not be applied to Moore consistent with due process. *Id.* In contrast, in the present case the decision overruled by the state supreme court was a decision of a lower court that was inconsistent with the statutes it purported to interpret.[5] The state supreme court's decision in *Hagan* did not overrule any of its own prior decisions nor was it unforeseeable.

This case is therefore distinguishable from *Moore.*

■ The interpretation and exposition of state law is the prerogative of the state's highest court. The Supreme Court of Missouri is entitled to correct a lower court's mistaken reading of a state statute without running afoul of the Due Process Clause. The extent of the criminal liability for the acts Hagan committed was clear on the face of the applicable Missouri statutes. *See Bouie,* 378 U.S. at 354–55, 84 S.Ct. at 1703 (holding that due process is implicated when defendant is deprived of fair warning of criminal nature of conduct or of potential consequences). We hold that Hagan's due process rights were not violated when the Missouri Supreme Court overruled the lower state court's decision in *Lewis* and affirmed all of Hagan's convictions.

### III.

■ In his cross-appeal, Hagan argues that the District Court erred when it denied his ineffective assistance of counsel claims. These arguments are all dependent on his claim that he could not be convicted of both second-degree robbery and stealing. Hagan submits that counsel's estimate of the range of his possible sentence was erroneous because counsel wrongly assumed Hagan could be convicted of all three charges. Because we have held that all of Hagan's convictions are valid, *supra* part II, his ineffective assistance arguments lack merit. Hagan's counsel's understanding of Missouri law was correct, and Hagan can show neither deficient performance nor prejudice. *See Strickland v. Washington,* 466 U.S. 668, 687, 695, 104 S.Ct. 2052, 2064, 2068–69, 80 L.Ed.2d 674 (1984) (holding that to prevail on ineffective assistance of counsel claim, defendant must show both deficient performance and prejudice). In passing, we note that Hagan could have been sentenced to life imprisonment for his conviction on the first-degree robbery charge alone, a charge not even implicated in his state and federal post-conviction proceedings. *See* Mo.Rev.Stat. §§ 558.011, 569.020.

---

5. Insofar as *Lewis* rested on double jeopardy grounds, it was also inconsistent with *Blockbur-*

*ger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *See supra* pp. 546–47.

We agree with the magistrate judge that counsel "obtained a remarkable deal" for Hagan, "a deal whereby his client would serve [as an aggregate sentence for all of his crimes] only five years over the minimum ten year sentence for first degree robbery." *Hagan v. Caspari*, No. 4:93CV315, Supp.Report & Rec. at 5 (E.D.Mo. April 13, 1994). We conclude that the District Court did not err in rejecting Hagan's ineffective assistance of counsel claims.

## IV.

For the reasons stated, the order of the District Court granting Hagan's petition for a writ of habeas corpus is reversed. In Hagan's cross-appeal, the District Court's denial of habeas relief on the basis of ineffective assistance of counsel is affirmed. The District Court is directed to enter a final judgment denying the petition.