LOKEN, Chief Judge,
dissenting.
I respectfully dissent. In my view, the court misapplies the due process principles of Bouie v. Columbia, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964), and *850 Rogers v. Tennessee, 532 U.S. 451, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001). In Rogers, a divided Supreme Court refused to extend Bouie to a state court decision overruling a common law rule that otherwise would have barred petitioner’s conviction. The opinion of the dissenting Justices explaining how Bouie should be applied is highly relevant to this case involving a criminal statute:
Many criminal cases present some factual nuance that arguably distinguishes them from cases that have come before; a court applying the penal statute to the new fact pattern does not purport to change the law. That, however, is not the action before us here, but rather, a square, head-on overruling of prior law....
532 U.S. at 471, 121 S.Ct. 1693 (Scalia, J., dissenting). Here, the Supreme Court of Missouri applied the governing statute to a new fact pattern; it did not overrule prior law.
The due process inquiry under Bouie is whether the judicial construction of a criminal statute was “unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue.” 378 U.S. at 354, 84 S.Ct. 1697. In only one prior Missouri case was a sodomy conviction reversed. State v. Daleske, 866 S.W.2d 476 (Mo.App.1993).[1] Here, the Supreme Court of Missouri’s opinion carefully considered the Missouri Court of Appeals decision in Daleske and found it “readily distinguishable” on two grounds: (i) Daleske was not submitted to the jury under Mo.Rev.Stat. § 556.061(12)(a) and thus its discussion was dicta, and (ii) in any event the defendant in Daleske employed only de minimis force, whereas here the victim “was awakened by a sharp pain which she discovered was caused by defendant’s finger in her vagina.” State v. Niederstadt, 66 S.W.3d 12, 14 (Mo. banc 2002). I think Daleske was properly distinguished. But what matters is that the Supreme Court of Missouri engaged in the type of fact-based analysis described in Justice Scalia’s dissent in Rogers. Therefore, its decision cannot be deemed contrary to or an unreasonable application of Bouie as construed in Rogers.
I disagree with the court’s conclusion that the Supreme Court of Missouri “reconfigured the sodomy statutes in an unexpected way.” Supra, p. 8. The statute required proof of “physical force that overcomes reasonable resistance.” The Supreme Court of Missouri first noted there can be “no question but that defendant used physical force to insert his finger in the girls vagina.” Niederstadt, 66 S.W.3d at 15. That is literally true; thus, the court’s assertion that the statutory language “provides no notice that ‘physical force’ can be the intercourse itself’ is simply wrong. The court goes on to complain that this construction of the statute “remove[d] an entire element” from the sodomy offense because lesser included deviate sexual intercourse offenses also include this type of force. However, by noting that Daleske involved de minimis force in committing deviate sexual intercourse, unlike the pain-inflicting force used by Nied- *851 erstadt in this case, the Supreme Court of Missouri preserved a distinction between the offenses.
The Supreme Court of Missouri then discussed the “critical question” of “whether the acts of deviate sexual intercourse were done by use of physical force that ‘overcomes reasonable resistance.’ ” 66 S.W.3d at 15. The Court looked to the coercive beatings, threats, and sexual indecencies the forty-year-old Niederstadt had previously inflicted on this sixteen-year-old girl who was living in his house. The Court concluded that Niederstadt’s conduct and his “complete control and dominance over every aspect of the girl’s life” provided sufficient evidence for the jury to find that he used physical force that overcame “[t]he reasonable resistance expected of an unconscious or sleeping person.” 66 S.W.3d at 16. That construction did not “unexpectedly broaden[] a statute which on its face had been definite and precise.” Bouie, 378 U.S. at 353, 84 S.Ct. 1697. Nor was it an unexpected departure from prior decisions on closely comparable facts. Supported by no prior Missouri law, the court concludes that a sleeping victim cannot be “compelled” and therefore Nieder-stadt had no warning that his crime would be severely punished as sodomy. That conclusion requires more knowledge of the human mind and behavior than I possess. Worse yet, it rejects out of hand the Supreme Court of Missouri’s conclusion that the entire relationship between the perpetrator and the victim is relevant to the sodomy inquiry under Missouri law. Bouie did not give federal courts unrestrained power to apply the Due Process Clause in this manner.
Missouri law gave Niederstadt fair warning that his despicable conduct would subject him to severe criminal penalties. I would reverse the judgment of the district court and remand with instructions to deny the petition for a writ of habeas corpus.

. All prior cases cited by Niederstadt or discussed by the district court were decisions by the Missouri Court of Appeals. The Supreme Court of Missouri had not previously construed the term, “physical force that overcomes reasonable resistance,” in Mo.Rev. Stat. § 556.061(12)(a) (Supp.1991). In Hagan v. Caspari, 50 F.3d 542, 547 (8th Cir.1995), we questioned "whether a state supreme court's overruling of an intermediate appellate court decision can ever constitute a change in state law for due process purposes. In fact, we are strongly inclined to agree with the state that until the state's highest court has spoken on a particular point of state law, the law of the state necessarily must be regarded as unsettled.”