# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-2696

———————————————

United States of America,

*Plaintiff - Appellee,*

v.

Anthony Dunlap, also known as Anthony Carl Dunlap, also known as Anthony Carlton Dunlap,

*Defendant - Appellant.*

——————————

Appeal from United States District Court
for the Western District of Missouri - Springfield

——————————

Submitted: May 14, 2019
Filed: August 29, 2019

——————————

Before COLLOTON, BEAM, and SHEPHERD, Circuit Judges.

——————————

COLLOTON, Circuit Judge.

Anthony Dunlap pleaded guilty to one count of bank robbery and one count of unlawful possession of a firearm as a previously convicted felon. *See* 18 U.S.C.

§§ 2113(a), 922(g)(1). At sentencing, the district court[1] determined that Dunlap's five prior convictions for Missouri second-degree robbery constituted "violent felonies" under the Armed Career Criminal Act (ACCA), in light of *United States v. Swopes*, 886 F.3d 668 (8th Cir. 2018) (en banc). Because three prior convictions for a violent felony qualify a firearms offender as an armed career criminal, the court imposed an enhanced sentence of 216 months' imprisonment under the ACCA, 18 U.S.C. § 924(e).

On appeal, Dunlap contends that the district court violated his rights under the Due Process Clause of the Fifth Amendment by retroactively increasing the severity of his punishment based on an "unforeseeable" judicial decision in *Swopes* that was filed after the commission of his firearms offense. We conclude that the *en banc* decision in *Swopes* was not so unexpected as to raise due process concerns, so we affirm.

On January 3, 2017, Dunlap robbed a branch of Bank of America in Springfield, Missouri, and escaped with approximately $3,910 in cash. Later that day, Springfield police located Dunlap at a friend's home, where they recovered the stolen money and a loaded pistol. A grand jury charged Dunlap with bank robbery and possession of a firearm as a previously convicted felon. *See id.* §§ 2113(a), 922(g)(1).

Dunlap pleaded guilty to both offenses in November 2017, and the district court scheduled sentencing for March 8, 2018. At that time, Dunlap would not have qualified as an armed career criminal under the prevailing law of this circuit. A panel of this court in *United States v. Bell*, 840 F.3d 963 (8th Cir. 2016), held that Missouri second-degree robbery was not a "crime of violence" under the sentencing guidelines,

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

*id.* at 969, and *Bell* dictated that the robbery offense was not a "violent felony" under the ACCA either. *United States v. Swopes*, 850 F.3d 979, 980-81 (8th Cir. 2017) (per curiam). Based on that state of the law, the probation office recommended an advisory guideline range for Dunlap of 51 to 63 months' imprisonment.

By mid-June 2017, however, this court had granted rehearing *en banc* in *Swopes* to consider anew whether Missouri second-degree robbery was a violent felony under the ACCA. The case was submitted in September 2017, and the government moved to continue Dunlap's sentencing until the *en banc* decision was filed. On March 29, 2018, this court overruled *Bell* and held that Missouri second-degree robbery is a violent felony. *Swopes*, 886 F.3d at 670. The district court then sentenced Dunlap as an armed career criminal with an advisory guideline range of 188 to 235 months' imprisonment. The Court imposed a total term of 216 months' imprisonment.

On appeal, Dunlap argues that the district court deprived him of due process under the Fifth Amendment by increasing the punishment for his firearms offense, after it was completed, based on an "unforeseeable judicial interpretation" of the ACCA. We review Dunlap's constitutional challenge to his sentence *de novo*. *United States v. Scott*, 831 F.3d 1027, 1033 (8th Cir. 2016).

The *Ex Post Facto* Clause of the Constitution does not apply to judicial decisions, but "limitations on *ex post facto* judicial decisionmaking are inherent in the notion of due process." *Rogers v. Tennessee*, 532 U.S. 451, 456 (2001). The Due Process Clause does not incorporate all the protections of the *Ex Post Facto* Clause "jot-for-jot," *id.* at 459, but when it comes to defining a criminal offense, the Fifth Amendment bars at least the "unforeseeable and retroactive judicial expansion of statutory language that appears narrow and precise on its face." *Id.* at 457. If a judicial decision is "unexpected and indefensible by reference to the law which had

been expressed prior to the conduct in issue," that construction cannot be applied retroactively. *Id.* (internal quotation omitted).

It is an open question whether the Due Process Clause also forbids retroactive judicial expansion of criminal *punishments*, as opposed to criminal liability. *See United States v. Beals*, 698 F.3d 248, 272-73 (6th Cir. 2012); *Magwood v. Warden, Ala. Dep't of Corr.*, 664 F.3d 1340, 1347-48 (11th Cir. 2011). But assuming without deciding that the Fifth Amendment precludes certain retroactive increases in punishment occasioned by judicial decision, we conclude that our *en banc* ruling in *Swopes* was not "unexpected and indefensible." *Rogers*, 532 U.S. at 457 (internal quotation omitted).

*Bell* was this court's first decision after *Johnson v. United States*, 559 U.S. 133 (2010), to address whether Missouri second-degree robbery was a "crime of violence" under the sentencing guidelines. The issue, as relevant here, was whether the robbery offense "has as an element the use, attempted use, or threatened use of physical force." USSG § 4B1.2(a)(1). The ACCA includes an identical "force" clause, 18 U.S.C. § 924(e)(2)(B)(i), and *Johnson* explained that "physical force" in the statute means "*violent* force," not "the slightest offensive touching" that constituted the "force" element of common-law battery. 559 U.S. at 138-40.

A divided panel in *Bell* concluded that Missouri second-degree robbery did not qualify as a "crime of violence" under the force clause of the guidelines, because the offense did not necessarily involve the level of force required by *Johnson*. 840 F.3d at 966-67. But a decision of a three-judge panel of a court of appeals is not the end of the line in the federal judicial system. There is a hierarchy that allows for *en banc* consideration of three-judge panel decisions and Supreme Court review of the courts of appeals. We were "strongly inclined" in *Hagan v. Caspari*, 50 F.3d 542 (8th Cir. 1995), to say that until a State's highest court has spoken on a particular point of state law, "the law of the state necessarily must be regarded as unsettled," *id.* at 547, and

-4-

the same could be said of the federal system. The Due Process Clause bars retroactive application of "unpredictable shifts in the law, not . . . the resolution of uncertainty that marks any evolving legal system." *United States v. Burnom*, 27 F.3d 283, 284-85 (7th Cir. 1994).

Dunlap submits that the absence of *en banc* review in *Bell* deprived him of fair notice by suggesting that the status of Missouri second-degree robbery was settled. To accept that position, however, would be to endorse an unreasonable understanding of the system. *En banc* review, like the Supreme Court's *certiorari* jurisdiction, is discretionary. That an *en banc* court does not review an issue at the first opportunity does not imply that the full court endorses the decision of a three-judge panel. There was even more reason than usual to be cautious in this case: *Bell* involved the sentencing guidelines, not the ACCA, and the government did not even petition for rehearing *en banc*. Other circuits were likely to weigh in on the issue when confronting comparable state statutes, and it was predictable that the Supreme Court ultimately would address the topic. *See Stokeling v. United States*, 139 S. Ct. 544 (2019).

We need not resolve whether there might be some scenario involving the displacement of entrenched and venerable circuit precedent that could support a due process claim. In these circumstances, we think it plain that the *Bell* decision in 2016 did not justify an expectation that the meaning of the ACCA was definitively settled, and that the *Swopes en banc* decision was not "unexpected and indefensible" by reference to the law expressed before Dunlap committed his firearms offense in January 2017.

The judgment of the district court is affirmed.

_____