# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3792
_____

United States of America

*Plaintiff - Appellee*

v.

Gregory P. Middaugh

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: February 25, 2021
Filed: March 2, 2021
[Unpublished]
_____

Before LOKEN, COLLOTON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Gregory Middaugh appeals the sentence imposed by the district court[1] after he pleaded guilty to a firearm offense, and was classified as an armed career criminal

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

under the Armed Career Criminal Act (ACCA). His counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging Middaugh's classification as an armed career criminal. Middaugh has filed a pro se brief.

Upon careful review, we conclude that the district court did not err in classifying Middaugh as an armed career criminal. See United States v. Shockley, 816 F.3d 1058, 1062 (8th Cir. 2016) (standard of review). Specifically, we find that Middaugh's convictions for Missouri second-degree assault and assault of a corrections employee constitute violent felonies for the purposes of the ACCA, see United States v. Ramey, 880 F.3d 447, 448-49 (8th Cir. 2018); United States v. Irons, 849 F.3d 743, 748-49 (8th Cir. 2017); and that treatment of his second-degree robbery conviction as a violent felony violates neither the ex post facto clause nor his due process rights, see United States v. Dunlap, 936 F.3d 821, 823-24 (8th Cir. 2019).

As to Middaugh's pro se arguments, we conclude that the indictment did not preclude the district court from applying the ACCA at sentencing. See United States v. Sohn, 567 F.3d 392 (8th Cir. 2009).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____