# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1287
_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Evans

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: January 13, 2023
Filed: March 27, 2023

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Christopher Deontye Evans pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1]

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

sentenced him to 110 months in prison. He appeals his sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Evans argues the district court erred in determining he had a "controlled substance offense" under U.S.S.G. §§ 2K2.1(a)(4)(A) and 4B1.2(b). This court reviews de novo "whether a prior conviction is a sentencing enhancement predicate." *United States v. Henderson*, 11 F.4th 713, 716 (8th Cir. 2021). A "controlled substance offense" under U.S.S.G. § 4B1.2(b) is:

> [A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

In 2014, Evans was convicted of the manufacture or delivery of one gram or more but less than 15 grams of cocaine. *See* **720 Ill. Comp. Stat. Ann. 570/401 (2013)**. This crime made it "unlawful for any person knowingly to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled substance . . . a counterfeit substance, or a controlled substance analog." *Id*. It was punishable by a term of imprisonment for more than one year. *Id*. Evans concedes that under this court's precedent, his conviction meets the definition of a controlled substance offense. *See generally* **Henderson**, 11 F.4th 713. But he contends it should not count because the Illinois statue is categorically broader than the federal definition. *See United States v. Oliver*, 987 F.3d 794, 807 (8th Cir. 2021) ("We know that Illinois's definition of cocaine is categorically broader than the federal definition." (internal quotation marks omitted)).

Evans believes application of *Henderson* violates his due process rights. *See Rogers v. Tennessee*, 532 U.S. 451 (2001); *Calder v. Bull*, 3 U.S. 386 (1798). This court has said, "It is an open question whether the Due Process Clause also forbids retroactive judicial expansion of criminal *punishments*, as opposed to criminal liability." *United States v. Dunlap*, 936 F.3d 821, 823 (8th Cir. 2019). "But assuming without deciding that the Fifth Amendment precludes certain retroactive increases in punishment occasioned by judicial decision," it does so only where such decisions are "unexpected and indefensible." *Id*.

Here, application of *Henderson* was neither unexpected nor indefensible. First, *Henderson* aligns with decisions from other circuit courts. *See*, *e.g.*, *United States v. Jones*, 15 F.4th 1288, 1292 (10th Cir. 2021) ("§ 4B1.2(b), by its plain language, refers to state as well as federal law."); *United States v. Ward*, 972 F.3d 364, 372 (4th Cir. 2020) (rejecting argument that "controlled substance offense" qualifies for only those controlled substances identified in the Controlled Substances Act). Second, contrary to Evans' assertions, *Henderson* was not unexpected based on *United States v. Sanchez-Garcia*, 642 F.3d 658 (8th Cir. 2011). In fact, the *Henderson* court noted that the *Sanchez-Garcia* decision did not address the question at issue in that case. *See Henderson*, 11 F.4th at 717-18 (noting that *Sanchez-Garcia* "did not hold that a state law crime must involve one of [the Controlled Substance Act] substances to be a 'controlled substance offense' under the career offender Guidelines," but rather that the opinion "simply affirmed the Guidelines enhancement at issue without addressing that question"). Third, *Henderson* was not unexpected because it was supported by the text of the guidelines. *See id*. at 718-19 ("Therefore, there is no textual basis to graft a federal law limitation onto a career-offender guideline that specifically includes in its definition of controlled substance offense, 'an offense under . . . state law.'"); *United States v. Luersen*, 278 F.3d 772, 774 (8th Cir. 2002) (holding that a case was not an "unforeseeable judicial interpretation of the sentencing guidelines" because it was "derived from the guidelines themselves").

Evans also argues that *Henderson* violates his equal protection rights because a "hypothetical defendant" sentenced before *Henderson* or in another circuit "would not be subject to the enhanced base offense level." Evans raises this issue for the first time on appeal, and review is for plain error. ***United States v. Ford***, 987 F.3d 1210, 1215 (8th Cir. 2021) ("When a defendant fails to timely object to a procedural sentencing error, the error is forfeited and may only be reviewed for plain error." (internal quotation marks omitted)). Under plain error review, this court reverses if there is an error, that is plain, that affects the defendant's substantial rights, and seriously affects the "fairness, integrity or public reputation of judicial proceedings." ***United States v. Lara-Ruiz***, 681 F.3d 914, 920 (8th Cir. 2012).

There is no equal protection violation "if there is any reasonably conceivable state of facts that could provide a rational basis" for the application of *Henderson*. *See **United States v. Binkholder***, 909 F.3d 215, 218 (8th Cir. 2018). Because *Henderson* was neither unexpected nor indefensible, its interpretation of the guidelines had a rational basis. The district court did not plainly err in not *sua sponte* finding that applying *Henderson* violated Evans' equal protection rights.

## II.

Evans challenges the substantive reasonableness of his within-guidelines sentence. This court reviews "the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." ***United States v. Garcia***, 946 F.3d 413, 419 (8th Cir. 2019). Sentences within the guidelines-range are presumed substantively reasonable. ***Id.*** "It will be the unusual case when we reverse a district court sentence-whether within, above, or below the applicable Guidelines range-as substantively unreasonable." ***United States v. Feemster***, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

Evans contends his sentence "significantly overstates the seriousness of what is attributable to him," because his prior conviction meant his base offense level was "almost double of the previously-calculated sentence range." This argument is the

same he makes about the application of *Henderson* to his case. The district court considered the § 3553(a) factors and thoroughly explained its decision. It did not abuse its discretion. *See **United States v. Halverson-Weese***, 30 F.4th 760, 766 (8th Cir. 2022) (holding a sentence at the bottom of the guidelines-range presumptively reasonable).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____