United States Court of Appeals

For the Eighth Circuit

_____

No. 23-3429

_____

United States of America

*Plaintiff - Appellee*

v.

Nicholas Lee Scott

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: June 10, 2024
Filed: June 27, 2024
[Unpublished]

_____

Before COLLOTON, Chief Judge, ARNOLD and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After Nicholas Lee Scott pleaded guilty to possessing methamphetamine with the intent to distribute it, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B), the district court[1]

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

sentenced him to 127 months in prison. He maintains on appeal that the district court miscalculated his recommended sentencing range and imposed a substantively unreasonable sentence. We affirm.

Police officers were executing a search warrant at a residence when they discovered Scott along with methamphetamine, fentanyl, cocaine, psilocin mushrooms, ecstasy, THC liquid, THC wax, marijuana, and drug paraphernalia. He was indicted on one count of possessing methamphetamine with the intent to distribute it, and he pleaded guilty to the charge a short time later. In calculating Scott's sentencing range under the Sentencing Guidelines, a presentence investigation report prepared by the U.S. Probation Office recommended a two-level enhancement under USSG § 2D1.1(b)(1) because Scott had possessed a dangerous weapon. It also initially recommended that Scott receive credit under USSG § 3E1.1 since he had accepted responsibility for his offense, but it later withdrew that recommendation because it had received allegations that Scott had assaulted a fellow inmate while in jail. Scott objected to the dangerous-weapon enhancement and also argued that he should receive credit for acceptance of responsibility. The court at sentencing rejected both of Scott's contentions, and his resulting Guidelines range was 120–150 months' imprisonment. Had the court sided with Scott on both of his contentions, the range would have been 77–96 months.

Scott maintains that the court should not have applied the dangerous-weapon enhancement and should have found that he had accepted responsibility for his offense. We need not resolve these contentions. "When the district court explicitly states that it would have imposed the same sentence of imprisonment regardless of the underlying Sentencing Guideline range, any error on the part of the district court is harmless." *United States v. Peterson*, 887 F.3d 343, 349 (8th Cir. 2018). After announcing the 127-month sentence, the court here explained that it thought it had resolved both issues correctly but said that "[e]ven if I'm wrong . . . I think this sentence is the appropriate sentence, notwithstanding the objections." It went on to

say that, had a lower sentencing range applied, it "would have just gone beyond the guideline range" by varying upward to 127 months "[b]ecause I think it is appropriate in light of [Scott's] prior conduct." Any error that the court committed was therefore harmless.

Scott asserts that an upward variance in the circumstances is not substantively reasonable. We "review[] the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard," and it is "the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *See United States v. Evans*, 63 F.4th 1157, 1160 (8th Cir. 2023).

The district court recited some aggravating circumstances to justify Scott's sentence. It explained that officers found him with a "plethora of drugs" and that Scott was placing dangerous substances in the "stream of commerce," harming not only himself and his own family but other families as well. And it pointed out that Scott has a history of engaging in risky behavior and has received lenient sentences in the past.

Scott notes that the Guidelines already account for these circumstances. First of all, matters used to calculate the Guidelines range can also be used to support an upward variance. *See United States v. Manuel*, 73 F.4th 989, 993 (8th Cir. 2023). And we aren't convinced in any event that the Guidelines already accounted for all the reasons that the court gave in fixing its sentence. For example, when the court mentioned that Scott had been caught with a "plethora of drugs," it does not appear that it was referring to the amount of methamphetamine he was charged with but to the "large variety of drugs that were seized," as the government put it at sentencing in requesting a 150-month sentence. The Guidelines calculation accounted for only the methamphetamine that officers seized and not for the other drugs found, such as cocaine, fentanyl, ecstasy, and marijuana. The Guidelines also did not take into

account that the prior lenient sentences Scott has received have not deterred him from committing additional crimes. We hold that the court acted within its discretion in imposing a 127-month sentence.

Affirmed.

_____