# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1797

_____

United States of America,

*Plaintiff - Appellee,*

v.

Hosea Latron Swopes,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 23, 2016
Filed: March 10, 2017
[Published]

_____

Before COLLOTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Hosea Swopes pleaded guilty to unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court concluded that Swopes was subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The ACCA requires a minimum 15-year prison sentence for a felon in possession of a firearm who has sustained three

prior convictions for a violent felony or a serious drug offense. The district court cited Swopes's prior Missouri convictions for unlawful use of a weapon, second-degree robbery, and first-degree robbery as three violent felonies.

Swopes argued in his opening brief that unlawful use of a weapon, in violation of Mo. Rev. Stat. § 571.030.1(4), is not a violent felony. The government countered that *United States v. Pulliam*, 566 F.3d 784 (8th Cir. 2009), held that a violation of the statute qualifies categorically. After the case was submitted, Swopes moved for leave to file a supplemental brief to argue, based on intervening circuit precedent, that second-degree robbery is not a violent felony. The government did not oppose leave.

Swopes points out that in *United States v. Bell*, 840 F.3d 963, 965-67 (8th Cir. 2016), a divided panel held that second-degree robbery in Missouri is not a "crime of violence" under the sentencing guidelines. As relevant here, "crime of violence" under the guidelines means an offense that has as an element "the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1). In *Johnson v. United States*, 559 U.S. 133 (2010), the Court held that the term "physical force" in a statute defining the term "violent felony" required the use of "violent force"—*i.e.*, force that is capable of causing physical pain or injury to another person. *Id*. at 140. This court in *Bell* reasoned that there is a reasonable probability that one could be convicted under the Missouri second-degree robbery statute without using, attempting to use, or threatening to use violent force, so second-degree robbery was not a "crime of violence." 840 F.3d at 966-67. Swopes argues that the reasoning of *Bell* requires a ruling that second-degree robbery likewise is not a "violent felony" under the ACCA.

We review Swopes's new contention for plain error only, but we must consider the law in effect at the time of our decision. If the error is plain at the time of appellate review, then it is plain for purposes of Federal Rule of Criminal Procedure 52(b). *Henderson v. United States*, 133 S. Ct. 1121, 1127 (2013). *Bell* involved the

sentencing guidelines rather than the ACCA, but the operative text is the same: the statute, as relevant here, defines "violent felony" as an offense that has as an element "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The government argues that *Bell* was wrongly decided, but it does not suggest any reason why the enhancement in this case is not plainly erroneous under the reasoning of *Bell*. *Cf. United States v. Ross*, 613 F.3d 805, 809 (8th Cir. 2010). Nor does the government dispute that Swopes meets the remaining requirements for plain-error relief, including that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 732 (1993); *United States v. Pirani*, 406 F.3d 543, 553-54 (8th Cir. 2005) (en banc).

Accordingly, based on the intervening circuit precedent of *Bell*, we conclude that Swopes is entitled to relief. The reasoning of *Bell* dictates a conclusion that second-degree robbery in Missouri is not a violent felony under the ACCA, and Swopes therefore does not qualify as an armed career criminal. The judgment of the district court is vacated, and the case is remanded for resentencing.

_____