# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1721

_____

United States of America

*Plaintiff - Appellee*

v.

Robert C. Caldwell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 15, 2017
Filed: March 16, 2018
[Unpublished]

_____

Before COLLOTON and GRUENDER, Circuit Judges, and HOLMES,[1] District
Judge.

_____

PER CURIAM.

_____

[1]The Honorable P. K. Holmes, III, Chief Judge, United States District Court for
the Western District of Arkansas, sitting by designation.

On January 22, 2015, Robert Caldwell and a juvenile coconspirator kidnapped a victim at gunpoint outside of his Kansas City home and forced him to hand over cash, credit cards, and the keys to his van. So began a harrowing journey that would lead from Kansas City, across the state of Missouri, through Illinois and Indiana, and mercifully find its end in Kentucky. Along the way, Caldwell and his accomplice beat and terrorized the victim in the back of his van before he managed to escape just outside of St. Louis. Leaving the victim, but taking his van and credit cards, the men continued east. They used the stolen credit cards throughout Illinois and Indiana, robbed a woman at knifepoint near Lynnville, Indiana, and fled the scene of a traffic accident in Kentucky, burglarizing several vehicles as they went. A few days later, in Windsor, Kentucky, Caldwell abducted a child at gunpoint, forced the boy into a Jeep stolen from his home, and left him on the side of the road a few miles away. Shortly thereafter, officers with the Kentucky State Patrol were sideswiped by the Jeep being driven by Caldwell, which initiated the chase that eventually led to Caldwell's arrest.

Caldwell pleaded guilty to five counts involving crimes that took place in Missouri: conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(c); kidnapping, in violation of 18 U.S.C. § 1201(a)(1); carjacking, in violation of 18 U.S.C. § 2119(2); brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c); and being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

At sentencing, Caldwell objected to the number of criminal history points assessed in the presentence investigation report ("PSR") for his prior Missouri robbery convictions, arguing that Missouri robbery does not qualify as a "crime of violence" under United States Sentencing Guidelines ("U.S.S.G.") § 4A1.1(e).[2] The district

---

[2]This provision directs a sentencing court to "[a]dd 1 [criminal history] point for each prior sentence resulting from a conviction of a crime of violence that did not

court[3] overruled the objection, finding that Missouri robbery qualified as a crime of violence. The court then concluded that Caldwell had a total offense level of 37, a criminal history category of VI, and a guidelines range of 360 months to life. It sentenced Caldwell to a total sentence of 45 years' imprisonment.

Caldwell timely appealed, arguing (1) that by improperly labeling Missouri robbery a crime of violence, the district court erroneously calculated his criminal history as category VI instead of V, and (2) that his 45-year sentence was unreasonable. We granted the Government's motion to stay the appeal pending our disposition of a petition for rehearing in *United States v. Bell*, 840 F.3d 963 (8th Cir. 2016) (holding that Missouri second-degree robbery did not qualify as a crime of violence). On January 5, 2017, we vacated Caldwell's sentence and remanded the case for resentencing in light of *Bell*. The Probation Office then prepared an addendum to the original PSR and determined that, because under *Bell* Missouri robbery did not qualify as a crime of violence, Caldwell should not be assessed the additional criminal history point under U.S.S.G. § 4A1.1(e). Removing one point reduced Caldwell's criminal history from category VI to category V.

On March 6, 2017, the Supreme Court decided *Beckles v. United States*, which held, contrary to our implicit assumption in *Bell*, *see* 840 F.3d at 968, that the residual clause of U.S.S.G. § 4B1.2(a) is not void for vagueness. 137 S. Ct. 886, 895 (2017). In light of *Beckles*, and after an objection by the Government, the Probation Office

---

receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence." Though § 4A1.1(e) does not define "crime of violence," Application Note 5 to this section states that "[f]or purposes of this guideline, 'crime of violence' has the meaning given that term in § 4B1.2(a)." Given the nature and timing of Caldwell's Missouri robbery convictions, he was assessed only one additional criminal history point under § 4A1.1(e).

[3]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

amended the PSR and once again concluded that Missouri robbery qualifies as a crime of violence. At the resentencing hearing, the court agreed with the Probation Office and determined that the guidelines should be calculated in the same way they originally were. After thorough consideration of the § 3553(a) factors, the court reinstated the original 45-year sentence. Caldwell timely appealed.

In his first argument on appeal, Caldwell challenges the district court's decision to admit certified copies of his prior robbery convictions at resentencing. According to Caldwell, the Government was precluded from introducing them because it failed to do so at the original sentencing hearing. However, our remand order did not place any restrictions on the introduction of evidence. *See United States v. Dunlap*, 452 F.3d 747, 749-50 (8th Cir. 2006) ("Because nothing in our original remand order precluded the government from presenting its evidence at resentencing, we cannot say that the district court erred in allowing it to do so."). Moreover, as the district court noted, the evidence admitted—certified copies of Caldwell's robbery convictions—was unnecessary because Caldwell did not contest the fact that he had these convictions.[4] *See United States v. McCully*, 407 F.3d 931, 933 (8th Cir. 2005) (explaining that under Federal Rule of Criminal Procedure 32(i)(3), "a fact in the PSR not specifically objected to is admitted"). Thus, even if the district court erred, any error was harmless.

In his second argument on appeal, Caldwell claims that his 45-year sentence is procedurally flawed because the district court considered uncharged crimes without requiring the Government to prove them by a preponderance of the evidence. Caldwell pleaded guilty only to crimes that took place in Missouri, and, before the original sentencing hearing, he objected to the court's consideration of uncharged

---

[4]Of course, if Caldwell had contested the fact that he was convicted, the Government would have been required to "present evidence at the sentencing hearing to prove the existence of the disputed fact[]." *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). *Id.* But Caldwell made no such objection.

conduct that took place outside of Missouri.[5]  At the hearing, the court heard testimony from an FBI special agent and a detective from the Boyle County Sheriff's Office regarding Caldwell's confession to "numerous crimes" that he "committed in multiple states."  The district court then ruled that "the testimony provided by both witnesses establishes the information and evidence that was contained in [the objected-to paragraphs of the PSR] such that they are appropriately considered part of the presentence report and can be used as consideration during the sentencing."  At resentencing, the court considered Caldwell's uncharged conduct in Indiana and Kentucky as part of the history and characteristics of the defendant and the nature of the offense deemed relevant under 18 U.S.C. § 3553(a).

A district court "cannot rely on facts at sentencing that have not been proved by a preponderance of the evidence."  *Poor Bear*, 359 F.3d at 1041; *see also United States v. Lasley*, 832 F.3d 910, 914 (8th Cir. 2016) (explaining that even conduct underlying an acquitted charge may be considered at sentencing, "so long as that conduct has been proved by a preponderance of the evidence").  Even assuming Caldwell objected with sufficient specificity, *see United States v. Davis*, 583 F.3d 1081, 1095 (8th Cir. 2009), we find that the district court did not err in considering his uncharged conduct.  The court heard the Government's evidence and found that the testimony from the Government's witnesses was sufficient to prove Caldwell's conduct for sentencing purposes.[6]

---

[5]The objection stated: "Mr. Caldwell generally objects to the inclusion of criminal conduct not part of relevant conduct.  Because the mentioned conduct is part of the basis for a pending state charge, for which Mr. Caldwell has pleaded not guilty, he asserts a general denial to these allegations."

[6]Caldwell claims that the district court violated his constitutional right to due process by failing to articulate that its fact finding with regard to the uncharged conduct was by a preponderance of the evidence.  We are unwilling to find that the district court did not utilize the correct standard simply because it did not use the word "preponderance."  *See United States v. Bain*, 586 F.3d 634, 638 (8th Cir. 2009) (per

Caldwell also challenges the substantive reasonableness of his sentence. He claims that his 45-year sentence is excessive and that the court improperly weighed the relevant factors by, among other things, focusing on his uncharged conduct in Indiana and Kentucky. We review the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 52 (2007). "[A] sentence within the Guidelines range is presumptively reasonable." *United States v. Miles*, 499 F.3d 906, 909 (8th Cir. 2007). Here, Caldwell's 45-year sentence falls within his guidelines range of 360 months to life and therefore receives a presumption of reasonableness. *See id.* Moreover, the court carefully considered the § 3553(a) factors, emphasizing the "heinous nature" of Caldwell's conduct and the importance of protecting the community. Thus, the district court did not abuse its discretion in imposing a within-guidelines, 45-year sentence.

For the foregoing reasons, we affirm.

_____

curiam) (noting that district courts "are presumed to know the law and to apply it in making their decisions").