# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1797

_____

United States of America,

*Plaintiff - Appellee,*

v.

Hosea Latron Swopes,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 29, 2018
Filed: June 13, 2018
[Published]

_____

Before COLLOTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Hosea Swopes pleaded guilty to unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court[1]

---

[1] The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

concluded that Swopes was subject to an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The Act requires a minimum 15-year prison sentence for a felon in possession of a firearm who has sustained three previous convictions for a violent felony or a serious drug offense. The district court cited Swopes's prior Missouri convictions for unlawful use of a weapon, second-degree robbery, and first-degree robbery as three violent felonies. Without the sentence enhancement, the statutory maximum punishment would have been ten years' imprisonment. 18 U.S.C. § 924(a)(2).

Swopes appealed his sentence and argued that the convictions for unlawful use of a weapon and second-degree robbery should not have counted as violent felonies. We vacated the judgment on the ground that second-degree robbery in Missouri was not a violent felony under the reasoning of *United States v. Bell*, 840 F.3d 963, 965-67 (8th Cir. 2016). *See United States v. Swopes*, 850 F.3d 979 (8th Cir. 2017) (per curiam). The court then granted rehearing en banc, overruled *Bell*, and concluded that the district court properly counted Swopes's Missouri robbery conviction as a violent felony. *United States v. Swopes*, 886 F.3d 668 (8th Cir. 2018) (en banc). The en banc court returned the case to this panel to resolve the balance of Swopes's appeal.

Swopes argues that unlawful use of a weapon, in violation of Mo. Rev. Stat. § 571.030.1(4), is not a violent felony. In *United States v. Pulliam*, 566 F.3d 784 (8th Cir. 2009), however, this court held that a violation of the statute qualifies categorically, because it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i); *see Pulliam*, 566 F.3d at 788. Swopes argues that *Pulliam* was wrongly decided and also has been superseded by the Supreme Court's decisions in *Descamps v. United States*, 570 U.S. 254 (2013), and *Johnson v. United States*, 559 U.S. 133 (2010). We considered a similar argument in *United States v. Hudson*, 851 F.3d 807 (8th Cir. 2017), and concluded that *Pulliam* was not superseded by *Descamps* or *Johnson*, or

by developments in Missouri law. *Id*. at 809-10. Swopes also contends that *Pulliam* is inconsistent with the decision in *United States v. Jordan*, 812 F.3d 1183 (8th Cir. 2016), concerning a conviction for aggravated assault in Arkansas. But *Jordan*, of course, involved a different state statute; the *Jordan* panel could not overrule *Pulliam*'s conclusion about the Missouri statute and did not purport to do so.

In light of *Pulliam* and *Hudson*, we conclude that Swopes's conviction for unlawful use of a weapon in Missouri was a conviction for a violent felony under § 924(e). Swopes therefore had sustained three previous convictions for a violent felony at the time of his offense in this case, and the district court properly applied the sentencing enhancement under the Armed Career Criminal Act. The judgment of the district court is affirmed.

_____