# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1988

_____

Seab Nolen

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 11, 2019
Filed: April 30, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, BENTON and STRAS, Circuit Judges.

_____

PER CURIAM.

Seab A. Nolen pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The district court[1] sentenced him

---

[1] The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

as an armed career criminal to 192 months' imprisonment. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

The Armed Career Criminal Act enhances sentences for defendants who possess firearms after three convictions for a "violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). The term "violent felony" is defined, in part, as a crime "punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Nolen was convicted of unlawfully using a weapon in violation of § 571.030.1(4) RSMo for "knowingly exhibiting, in the presence of one or more persons, in an angry or threatening manner, a weapon readily capable of lethal use." He contends this conviction is not a violent felony under the force clause. This court reviews the issue de novo. *See Jones v. United States*, 870 F.3d 750, 752 (8th Cir. 2017).

Nolen's argument is without merit. This court repeatedly has held that a "conviction for unlawful use of a weapon in Missouri" under § 571.030.1(4) RSMo is "a conviction for a violent felony under § 924(e)." *United States v. Swopes*, 892 F.3d 961, 962 (8th Cir. 2018). *See United States v. Hudson*, 851 F.3d 807, 808 (8th Cir. 2017) (holding the same). Nolen believes these decisions were wrongly decided. But this court is bound by them. *See United States v. Parrow*, 844 F.3d 801, 804 (8th Cir. 2016).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____

-2-