# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3738

_____

United States of America

*Plaintiff - Appellee*

v.

Jermaine Doshon Travis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 17, 2016
Filed: October 27, 2016
[Unpublished]

_____

Before MURPHY, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jermaine Doshon Travis appeals the district court's[1] 192-month prison sentence for possession with intent to distribute heroin based on the career-offender enhancement. For the reasons discussed below, we affirm.

## I.   BACKGROUND

On June 4, 2014, a police officer stopped Travis in Bloomington, Minnesota, for having darkly tinted windows. As the officer approached Travis's vehicle, he smelled marijuana. When questioned, Travis admitted that he had smoked marijuana earlier and that there were smoked blunts in the vehicle's ashtray. The officer then searched Travis and found 5.14 grams of heroin in his left front pants pocket, as well as a hotel key. As the officer arrested Travis for the drug offense, Travis told the officer that there was a gun under the seat. The officer searched the car and found a loaded handgun. Officers then obtained and executed a search warrant at the hotel room where Travis had been staying. They found a plastic bag with 39.92 grams of heroin, digital scales, and plastic bags, along with handgun magazines, ammunition, and firearm hand grips.

On August 5, 2014, Travis was charged in a three-count indictment with the following: (1) felon in possession of a firearm; (2) possession with intent to distribute heroin; and (3) use of a firearm during and in relation to a drug-trafficking crime. On April 9, 2015, Travis pled guilty to count 2, possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Both the government and Travis agreed that under United States Sentencing Guidelines (U.S.S.G. or Guidelines) § 2D1.1, the base level for the offense was 18. The parties agreed to a two-level enhancement for possessing a firearm. The parties also agreed that Travis was a career offender under U.S.S.G. § 4B1.1(b)(2). Travis qualified as a career

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

offender under the Guidelines because (1) he was 18 years old or older when he committed the instant offense, (2) this offense was a controlled substance offense, and (3) his criminal history included two prior felony convictions involving controlled substances. U.S.S.G. § 4B1.1(a). The first predicate drug offense occurred on August 3, 1998, when Travis was convicted in Dane County, Wisconsin, of possession with intent to deliver cocaine. On July 25, 2001, he was convicted of the manufacture and delivery of cocaine, the second predicate drug offense. The career-offender status increased the base level for the offense to 34. The parties then agreed to decrease the offense level by three for acceptance of responsibility, bringing his total offense level to 31. With a criminal history category of VI, the applicable Guidelines range was 188 to 235 months' imprisonment.

Prior to sentencing, Travis submitted two sentencing memoranda arguing for a lower Guidelines level because his prior felony convictions occurred when he was a teenager and "involved minimal amounts of contraband." He further argued that the career criminal enhancement should not apply because he did not serve his entire sentence for the 1998 crime in Wisconsin. Rather, he was transferred to Illinois on February 5, 1999, to serve the remainder of his sentence and handle pending Illinois charges. Thus, according to Travis, his "physical incarceration" for the 1998 Wisconsin crime "terminated well prior to the 15 year limitation date."[2] The district court sentenced Travis to 192 months' imprisonment, specifically upholding the

---

[2]When computing criminal history under the Guidelines,

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

U.S.S.G. § 4A1.2(e)(1).

career-offender enhancement. Noting that "where [Travis] served his time [was] irrelevant," the court stated:

> Defendant was incarcerated on the Dane County conviction until December 4th, 1999. Defendant committed the instant offense on June 4th, 2014, less than 15 years after his incarceration for the Dane County crime. As a result, the Dane County conviction does satisfy one of the requirements of Guidelines section 4A1.2(e)(1) [for the career-offender enhancement].

The court also held that "[t]he fact that the two drug amounts were relatively small does not affect the Court's determination as to whether those convictions constitute predicate acts." In reaching the sentence, the court considered the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the instant offense, the need for deterrence, and Travis's history and character. Travis appeals his sentence, arguing that his 192-month prison sentence based on the career-offender enhancement is both procedurally and substantively unreasonable.

## II. DISCUSSION

When reviewing a district court's sentence, we "must 'first ensure that the district court committed no significant procedural error, such as failing to calculate . . . the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" United States v. Smith, 573 F.3d 639, 658 (8th Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). "In reviewing a sentence for procedural error, we review the district court's factual findings for clear error and its application of the guidelines de novo." United States v. Barker, 556 F.3d 682, 689 (8th Cir. 2009).

Travis argues that the district court erred procedurally by failing to consider mitigating § 3553(a) factors and failing to adequately explain why it applied the career-offender enhancement in light of "Travis's age or the staleness of his convictions." We disagree. Although the court clearly commits procedural error if it fails to consider the § 3553(a) factors or explain the sentence, Smith, 573 F.3d at 658, if "it is clear from the record that the district court 'actually considered the § 3553(a) factors in determining the sentence,' . . . we generally find that the court has committed no procedural error," United States v. Sandoval-Sianuqui, 632 F.3d 438, 444 (8th Cir. 2011) (quoting United States v. Walking Eagle, 553 F.3d 654, 659 (8th Cir. 2009)). The sentencing court is not required to systematically list each § 3553(a) factor or present a counter argument to every argument presented by the defendant. United States v. Fry, 792 F.3d 884, 891 (8th Cir. 2015).

Here, prior to sentencing, Travis specifically argued that the career-offender enhancement should not apply because the first predicate offense was stale and both predicate offenses occurred when he was a teenager and involved a relatively small amount of contraband. The district court addressed these arguments at sentencing, first noting the specific timing of the first predicate offense and the instant offense, and concluding that the offense was not stale under U.S.S.G. § 4A1.2(e)(1). Second, the court examined Travis's presentence investigation report, which listed the details of the predicate offenses, and heard argument that a lower Guidelines level was warranted because of Travis's young age at the time of the predicate offenses and the amount of drugs involved. Thus, "we may presume that the court considered those factors." United States v. Keating, 579 F.3d 891, 893 (8th Cir. 2009). Finally, the court stated that it took "into the account the nature and circumstances of the instant offense, as well as the history and characteristics of the defendant, and [found] that the sentence [of 192 months was] sufficient, but not greater than necessary, to afford adequate deterrence to future criminal conduct." The court considered the § 3553(a) factors and adequately explained the sentence. Thus, the district court committed no procedural error.

Because there was no procedural error, we now review the substantive reasonableness of the sentence for an abuse of discretion. Smith, 573 F.3d at 659. A court abuses its discretion during sentencing if it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Borromeo, 657 F.3d 754, 756 (8th Cir. 2011) (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)). Travis argues that the remoteness and staleness of the predicate offenses used to support the career-offender enhancement make the within-the-Guidelines-range sentence unreasonable. We disagree. Because the sentence is within the Guidelines range, we "apply a presumption of reasonableness." Gall, 552 U.S. at 51. Travis bears the burden of showing that "his sentence should have been lower considering the factors enumerated in 18 U.S.C. § 3553(a)." United States v. Bolden, 596 F.3d 976, 984 (8th Cir. 2010). As discussed above, the district court ably considered all of the factors in § 3553(a), including the remoteness and staleness of the predicate offenses. Thus, Travis's main grievance is with how the court weighed the factors. "However, . . . a sentencing court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Farmer, 647 F.3d 1175, 1179 (8th Cir. 2011). Here, there was no "clear error of judgment" in how the court weighed the factors. Borromeo, 657 F.3d at 756 (quoting Feemster, 572 F.3d at 461). Thus, the district court did not abuse its discretion when it sentenced Travis to 192 months in prison.

III.   CONCLUSION

The judgment of the district court is affirmed.

_____