# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3040
_____

United States of America

*Plaintiff - Appellee*

v.

Jose Alonso Garcia

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: September 26, 2019
Filed: December 26, 2019

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Appellant Jose Garcia entered a conditional guilty plea to one count of aiding and abetting the distribution of five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii) and 18 U.S.C. § 2, related to his role in a

methamphetamine distribution scheme in Northwest Arkansas. The district court[1] sentenced Garcia to 188 months imprisonment. Garcia appeals, asserting that the district court erred by denying Garcia's motion for retesting of drug quality and quantity and approval of expenditures, as well as in imposing his sentence. Garcia asserts the district court erroneously sentenced him as a career offender, failed to apply a minimal role or minor participant reduction, and imposed a sentence that was substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Following his involvement in a methamphetamine distribution scheme, including participation in a controlled buy with undercover officers, Garcia was indicted on one count of conspiracy to distribute methamphetamine and one count of aiding and abetting distribution of five grams or more of methamphetamine. Garcia challenged the results of the government's subsequent testing of the seized methamphetamine, seeking both retesting of the drug quality and quantity and the approval of expenditures for these purposes. Garcia's co-defendant, Jose Escalante, filed a similar motion seeking retesting. The district court denied both motions, concluding that no reasonable basis existed to question the results of the government's testing. The only reason offered in the motions for retesting was a statement of the subjective belief of the defendants that the drug quality and quantity was incorrect and a vague reference to Escalante's assertion in a prior hearing that, as a methamphetamine user who had tried the methamphetamine, he could tell that it was not as pure as the government's testing revealed.

After the district court denied his motion for retesting and approval of expenditures, Garcia entered a guilty plea to the aiding and abetting count, which

_____

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

stemmed from one controlled buy with undercover officers. At sentencing, the district court determined that the career offender sentencing enhancement applied based on Garcia's previous convictions, under Arkansas law, for aiding and abetting the distribution of methamphetamine and for being an accomplice to second-degree battery. The district court also determined that Garcia was not entitled to a minimal role or minor participant reduction and calculated Garcia's Guidelines range at 188 to 235 months imprisonment. The district court then imposed a bottom-of-the-Guidelines-range sentence of 188 months. This appeal follows.

## II.

### A.

Garcia first asserts that the district court erroneously denied his motion for retesting of drug quality and quantity and for approval of expenditures because the purity of the drugs was in question and the district court, at the very least, should have conducted an ex parte hearing on the motion. For the reasons we set forth today in <u>United States v. Escalante</u>, No. 18-3033, we conclude the district court did not abuse its discretion in denying this motion.

### B.

Garcia next challenges the district court's application of the career offender enhancement and the denial of a minor participant or minimal role reduction in calculating the offense level. As to the career offender designation, Garcia argues that his previous conviction for aiding and abetting distribution of methamphetamine is not a controlled substance offense and that his previous conviction for accomplice to second-degree battery is not a crime of violence so as to trigger application of the career offender sentencing enhancement. "We review de novo a district court's

interpretation and application of the guidelines." United States v. Rice, 813 F.3d 704, 705 (8th Cir. 2016).

Under the United States Sentencing Guidelines § 4B1.1, a defendant is subject to a sentencing enhancement as a career offender if he has at least two previous felony convictions for either a crime of violence or a controlled substance offense. Garcia asserts that his previous aiding and abetting distribution of methamphetamine conviction is not a controlled substance offense because the Guidelines definition of controlled substance offense includes only the primary offense, not aiding and abetting the offense. Garcia asserts that classifying his prior conviction as a controlled substance offense requires impermissible reliance on Guidelines commentary to expand the definition. This argument is unpersuasive.

Section 4B1.2 defines controlled substance offense without reference to an aiding and abetting theory of liability. But Note 1 in the commentary to § 4B1.2 expressly states that the terms "'[c]rime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offense." USSG § 4B1.2 cmt. n.1. Despite Garcia's assertion that this commentary language cannot be used to expand the definition in the text of § 4B1.2, our court has previously recognized that this commentary "is a reasonable interpretation of the career offender guidelines that is well within the Sentencing Commission's statutory authority." United States v. Mendoza-Figueroa, 65 F.3d 691, 694 (8th Cir. 1995) (en banc) ("Because [USSG § 4B1.2 cmt. n.1] interprets § 4B1.2 as including drug conspiracies, the district court properly determined that Mendoza-Figueroa should be sentenced as a career offender."); see also United States v. Walterman, 343 F.3d 938, 941 n.3 (8th Cir. 2003) ("Sentencing guideline commentary is authoritative unless it violates the Constitution or is inconsistent with federal law."). Given the foregoing, the district court did not err in considering Garcia's previous conviction for aiding and abetting distribution of methamphetamine

as a controlled substance offense for the purposes of the career offender sentencing enhancement.

Garcia also asserts that his conviction as an accomplice to second-degree battery under Arkansas law cannot qualify as a crime of violence for the purposes of the career offender enhancement because it does not have as an element "the use, attempted use, or threatened use of physical force," as required by USSG § 4B1.2(a)'s force clause. Garcia was previously convicted of one count of being an accomplice to second-degree battery in violation of Ark. Code Ann. § 5-13-202(a). We have previously held that Ark. Code Ann. § 5-13-202(a) is not categorically a crime of violence, United States v. Dawn, 685 F.3d 790, 795 (8th Cir. 2012), and that the statute is divisible, necessitating application of the modified categorical approach to determine whether a conviction under this statute is a crime of violence. Rice, 813 F.3d at 705. "Under that approach, the court may look at certain documents to determine for which crime the defendant actually pleaded guilty. We then determine whether violent force was a necessary element of that crime." Kelly v. United States, 819 F.3d 1044, 1048 (8th Cir. 2016) (citations omitted).

The felony information underlying Garcia's state conviction includes the following relevant language, alleging that "with the purpose of causing physical injury to another person, [the defendants] caused serious physical injury to any person . . . [by] str[iking] and kick[ing] another causing a fractured orbital socket and pallet." This language tracks the essential language of Ark. Code Ann. § 5-13-202(a)(1), which provides that: "A person commits battery in the second degree if . . . [w]ith the purpose of causing physical injury to another person, the person causes serious physical injury to another person." We are satisfied that the record of conviction demonstrates Garcia was convicted for a violation of Ark. Code Ann. § 5-13-202(a)(1), which includes as an element the use of physical force, i.e., "force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010).

Garcia finally asserts that his conviction for being an accomplice to second-degree battery is not a crime of violence because accomplice liability is not included in § 4B1.2's definition of crime of violence, necessitating reliance on the commentary Note 1 to encompass accomplice liability within § 4B1.2. For the same reasons we reject this argument with respect to his state controlled substance conviction, we reject this argument with respect to Garcia's state battery conviction. The district court did not err in finding Garcia's prior conviction for accomplice to second-degree battery to be a crime of violence for the purposes of the career offender enhancement.

C.

Garcia next argues that the district court erred by failing to award him a minor participant or minimal role offense level reduction in calculating his Guidelines sentencing range, arguing that the evidence demonstrated that Garcia was less culpable than his co-defendant, Escalante, who was the true ringleader of the operation. "We review the district court's refusal to grant a minor role adjustment for clear error." United States v. Price, 542 F.3d 617, 622 (8th Cir. 2008).

Under § 3B1.2 of the Sentencing Guidelines, a defendant may be entitled to a two- to four-level reduction in offense level if the defendant "plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." USSG § 3B1.2 cmt. n.3(A). The Guidelines list five non-exhaustive factors to aid in this determination:

(i)    the degree to which the defendant understood the scope and structure of the criminal activity;

(ii)    the degree to which the defendant participated in planning or organizing the criminal activity;

(iii)    the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity.

USSG § 3B1.2 cmt. n.3(C). In applying these factors, the court engages in "a comparative analysis: each participant's actions should be compared against the other participants, and each participant's culpability should be evaluated in relation to the elements of the offense." United States v. Salazar-Aleman, 741 F.3d 878, 880 (8th Cir. 2013) (internal quotation marks omitted).

The district court considered the Guidelines factors and compared Garcia's conduct to Escalante's by considering the factual circumstances surrounding the controlled buy that gave rise to Garcia's offense of conviction. In doing so, the district court noted that Escalante seemed to "have had a little bit more involvement in the transaction," but concluded that Garcia and Escalante played very similar roles and that "the relative culpability of these two individuals is fairly comparable." R. Doc. 152, at 49. The district court further noted that Garcia clearly understood the nature of the transaction, was a passenger in the vehicle used during the transaction, knew there were drugs in the vehicle, received and handled the money obtained during the transaction, rode in the vehicle with Escalante to another location to retrieve more drugs, and benefitted financially from the transaction. Although the district court determined there was no evidence that Garcia participated in planning the transaction or exercised any decision-making authority, the district court determined that the other factors weighed against awarding the reduction, noting that "[j]ust because somebody is a lesser participant in a transaction, doesn't necessarily mean that they are entitled to a mitigating role in the offense." R. Doc. 152, at 49. On this record, we find no clear error in the district court's denial of the minor participant or minimal role reduction.

D.

Finally, Garcia challenges the substantive reasonableness of his within-Guidelines-range sentence. "We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. . . . A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal." United States v. St. Claire, 831 F.3d 1039, 1043 (8th Cir. 2016) (internal quotation marks omitted). Garcia argues that the district court erred in considering the 18 U.S.C. § 3553(a) sentencing factors, primarily asserting that he should have received a lesser sentence in comparison to his co-defendant, Escalante, who was the apparent ringleader of the operation and received a sentence only 12 months longer than Garcia. Garcia's Guidelines range called for a sentence between 188 and 212 months imprisonment; the district court's imposition of a 188-month sentence is thus presumptively reasonable. And a district court has "wide latitude" to weigh the § 3553(a) factors and to "assign some factors greater weight than others." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009). Here, the sentencing transcript reflects that the district court placed more weight on the nature and circumstances of the offense than on other factors. The district court seriously considered the mitigating factors Garcia presented, including his family history, and reviewed at least one letter that was submitted on Garcia's behalf. However, when weighed against the fact that the drug transaction took place in a public area and put the public at risk, the district court determined that a bottom-of-the-Guidelines-range sentence was warranted. The district court's weighing of the § 3553(a) factors was appropriate, regardless of the sentence Garcia's co-defendant received. The district court did not impose a substantively unreasonable sentence.

III.

For the foregoing reasons, we affirm.

_____