# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-2389
_____

United States of America

*Plaintiff - Appellee*

v.

Preston Baxter

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: April 14, 2020
Filed: July 29, 2020
[Unpublished]
_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.
_____

PER CURIAM.

Preston Baxter, who pleaded guilty to conspiring to distribute a controlled substance, 21 U.S.C. §§ 841(a)(1), 846, appeals his classification as a career

offender and the district court's[1] refusal to give him a minor-role reduction. We affirm.

Baxter's primary argument is that he cannot be a career offender because his "instant offense of conviction"—*conspiracy* to distribute a controlled substance—is not a "controlled substance offense." U.S.S.G. § 4B1.1(a). A "controlled substance offense" includes "distribution," *id.* § 4B1.2(b), and the commentary makes clear that it covers conspiracies too, *id.* § 4B1.2, cmt. n.1. We are once again asked to disregard the commentary, and bound by circuit precedent, we once more decline to do so. *E.g.*, *United States v. Garcia*, 946 F.3d 413, 417 (8th Cir. 2019); *United States v. Merritt*, 934 F.3d 809, 811 (8th Cir. 2019); *United States v. Mendoza-Figueroa*, 65 F.3d 691, 693 (8th Cir. 1995) (en banc).

As a career offender, Baxter cannot prevail on his argument that he should have received a minor-role adjustment either. *See* U.S.S.G. § 3B1.2. As we have previously explained, "[t]he offense level reductions . . . for a mitigating role in the offense simply do not apply in the career offender context."[2] *United States v. Beltran*, 122 F.3d 1156, 1160 (8th Cir. 1997).

We accordingly affirm the judgment of the district court.

———————————————————

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

[2]The government failed to raise this point. Even so, there is no doubt that this straightforward rule applies, and "we may affirm on any ground supported by the record." *United States v. Garrido*, 995 F.2d 808, 813 (8th Cir. 1993); *see Brown v. St. Louis Police Dep't*, 691 F.2d 393, 396–97 (8th Cir. 1982) (discussing our discretion to "affirm on any ground supported by the record even if the issue was not pleaded, tried, or otherwise referred to in the proceedings below").