# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3299

_____

United States of America

*Plaintiff - Appellee*

v.

Timothy G. Ossana

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri

_____

Submitted: September 23, 2022
Filed: December 7, 2022
[Unpublished]

_____

Before SMITH, Chief Judge, KELLY and GRASZ, Circuit Judges.

_____

PER CURIAM.

Timothy G. Ossana pled guilty under 18 U.S.C. § 922(g)(1) to being a felon in possession of a firearm. The district court sentenced him to 45 months of imprisonment. Ossana appeals the sentence, arguing the district court committed procedural error when it calculated the advisory sentencing range under the United States Sentencing Guidelines Manual ("Guidelines"), imposed a substantively

unreasonable sentence, and failed to follow the procedures of Federal Rule of Criminal Procedure 32(i)(3).

Ossana has failed to show the district court committed procedural error when calculating his Guidelines range. "In reviewing a sentence for significant procedural error, we review a district court's factual findings for clear error and its interpretation and application of the guidelines de novo." *United States v. Bryant*, 606 F.3d 912, 918 (8th Cir. 2010). Ossana primarily asserts the district court procedurally erred by overruling certain objections he made to the presentence investigation report ("PSR"). But after careful review of the arguments and the record, we detect no misinterpretations of the Guidelines or clearly erroneous factual determinations by the district court.

We likewise reject Ossana's argument that his sentence is substantively unreasonable. At sentencing, Ossana asked for a 46-month sentence. Thereafter, the district court sentenced Ossana to only 45 months. Ossana "cannot complain" the district court gave him a sentence more favorable than he asked for. *See United States v. Thompson*, 289 F.3d 524, 526 (8th Cir. 2002). Regardless, Ossana has failed to overcome the presumption that the within-Guidelines sentence is substantively reasonable. *See United States v. Garcia*, 946 F.3d 413, 419 (8th Cir. 2019).

We next address Ossana's argument that the district court did not comply with Rule 32(i)(3), which we review de novo. *See United States v. Davies*, 380 F.3d 329, 332 (8th Cir. 2004). Rule 32(i)(3) generally provides that for all disputed portions of a PSR a sentencing court must either rule or determine a ruling is unnecessary, and further provides the sentencing court "must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons." Fed. R. Crim. P. 32(i)(3)(B)–(C).

Ossana contends that the district court did not append an accurate copy of its statement of reasons to the PSR that was provided to the Bureau of Prisons ("BOP"). In the statement of reasons provided to the BOP, the district court noted that it accepted the PSR unchanged. To the contrary, several paragraphs of the PSR were

not considered in the sentencing determination, and several of Ossana's other objections were overruled. Therefore, the district court erred in failing to append to the PSR a statement of reasons that accurately reflected its rulings on disputed portions of the PSR. Its failure to do so is important because the BOP makes "substantial use" of the PSR, which includes the possibility of relying upon improper facts "in the making of critical determinations relating to custody or parole." Fed. R. Crim. P. 32 advisory committee's note to 1983 amendment.

We are left only to consider the appropriate remedy for this legal error. Because the sentence is substantively reasonable, we do not find it necessary to vacate Ossana's sentence and remand for complete resentencing. But simply attaching the transcript from the sentencing hearing, as the government suggests, is insufficient because it increases the risk of the BOP overlooking the discrepancies. We thus conclude the district court should attach an amended statement of reasons to ensure any paragraphs of the PSR that were not considered by the district court do not negatively impact Ossana while he serves his sentence. Accordingly, we reverse and remand for the district court to amend its statement of reasons to accurately reflect its sentencing determinations and append the accurate copy to the PSR made available to the BOP.

For the above reasons, we reject Ossana's procedural error arguments, affirm the substantive reasonableness of Ossana's sentence, and reverse and remand solely for the district court to amend its statement of reasons in compliance with Rule 32(i)(3) of the Federal Rules of Criminal Procedure.[1]

———————————————————

———————————————————

[1] We grant Ossana's two pending motions to supplement the record. Ossana's counsel has also filed a motion to withdraw as appointed counsel. Allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement the Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.