# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2667
_____

United States of America

*Plaintiff - Appellee*

v.

Jesus Godinez-Contreras

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: April 10, 2023
Filed: July 20, 2023
[Unpublished]
_____

Before GRUENDER, WOLLMAN, and STRAS, Circuit Judges.
_____

PER CURIAM.

Jesus Godinez-Contreras received a 168-month prison sentence after a jury found him guilty of participating in a drug conspiracy. *See* 21 U.S.C. §§ 841(a)(1), (b)(1), 846. Although he argues that the sentence is too long, we affirm.

First, the record supports the district court's[1] denial of a minor-role reduction. *See* U.S.S.G. § 3B1.2(b) (granting a two-point reduction in the base offense level "[i]f the defendant was a minor participant in [the] criminal activity"); *see also United States v. Campbell-Martin*, 17 F.4th 807, 817 (8th Cir. 2021) (reviewing for clear error). His "deep[] involve[ment]" included storing drugs, initiating wire transfers, and driving a co-conspirator to and from drug transactions. *Campbell-Martin*, 17 F.4th at 817 (citation omitted); *see United States v. Salazar-Aleman*, 741 F.3d 878, 880–81 (8th Cir. 2013) (affirming a no-reduction finding, even though the defendant acted as "a courier in a single [drug] transaction"). It does not matter that others may have "had a little bit more involvement in the" conspiracy. *United States v. Garcia*, 946 F.3d 413, 419 (8th Cir. 2019) (citation omitted).

Second, the overall sentence is substantively reasonable. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (permitting courts to "apply a presumption of reasonableness" to a within-Guidelines sentence (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007))). The district court sufficiently considered the statutory sentencing factors, *see* 18 U.S.C. § 3553(a), and did not rely on an improper factor or commit a clear error of judgment. *See United States v. Sherrod*, 966 F.3d 748, 754–55 (8th Cir. 2020). There was no abuse of discretion, in other words, in giving Godinez-Contreras a longer sentence based on his extensive criminal history and less-than-sincere attempt at cooperation. *See United States v. Becerra*, 958 F.3d 725, 731–32 (8th Cir. 2020); *see also United States v. Fry*, 792 F.3d 884, 893 (8th Cir. 2015).

We accordingly affirm the judgment of the district court.

_____

---

[1]The Honorable Robert F. Rossiter, Jr., Chief Judge, United States District Court for the District of Nebraska.