# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2594

_____

United States of America

*Plaintiff - Appellee*

v.

Leonard Hatten, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 6, 2024
Filed: August 12, 2024
[Unpublished]

_____

Before SMITH, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

A jury found Leonard Hatten, Jr., guilty of one count of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count 1); two counts of interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Counts 2 and 6); and two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Counts 3 and 7).

The district court[1] imposed concurrent sentences of 100 months' imprisonment on Counts 1, 2, and 6 and consecutive sentences of 84 months' imprisonment each on Counts 3 and 7. This resulted in a total sentence of 268 months' imprisonment. Hatten appeals, arguing that his 268-month sentence is substantively unreasonable. We affirm.

## I. *Background*

On October 10, 2019, Hatten, with the assistance of codefendants Spencer Allen Scott and Donovan Shaw, robbed at gunpoint employees of a Family Dollar Store in Omaha, Nebraska, taking money and cigarettes. On October 24, Hatten and Scott, who were both armed, robbed a Domino's Pizza in Council Bluffs, Iowa. Hatten and Scott held a delivery driver at gunpoint during the robbery. Hatten also grabbed the manager by the throat, threw her under the desk in the office, pointed the gun at her head, and demanded that she show him the money. Hatten and Scott took $1,200 in cash. On October 29, Hatten, with Scott's assistance, robbed at gunpoint a store clerk at a Kwik Shop in Omaha, Nebraska. On November 2, Hatten, acting alone, committed another armed robbery at a Tobacco Hut in Council Bluffs, Iowa. During that robbery, Hatten pointed a gun toward the pregnant clerk's stomach and struck her on her backside. Hatten also turned the gun on a male clerk, who then opened the registers. In addition to these crimes, Hatten's codefendants committed several other armed robberies without Hatten's assistance.

Subsequently, a 17-count second superseding indictment was filed in the District of Nebraska against Hatten, Scott, and Shaw. Relevant to the present case, Count 1 charged them with conspiracy to interfere with commerce by robbery and included the October 10 robbery in Omaha, October 24 robbery in Council Bluffs, and October 29 robbery in Omaha as overt acts. Count 2 charged Hatten and Shaw

---

[1]The Honorable Robert F. Rossiter, Jr., Chief Judge, United States District Court for the District of Nebraska.

with interference with commerce by robbery for the October 10 robbery in Omaha. Count 3 charged Hatten and Shaw with brandishing a firearm in furtherance of a crime of violence for the October 10 robbery in Omaha. Count 6 charged Hatten and Scott with interference with commerce by robbery for the October 29 robbery in Omaha. Count 7 charged Hatten and Scott with brandishing a firearm in furtherance of a crime of violence for the October 29 robbery in Omaha. A jury found Hatten guilty on these counts. Both Scott and Shaw pleaded guilty to Count 1, as well as to interference with commerce by robbery and brandishing a firearm in furtherance of a crime of violence for a robbery that Hatten did not take part in. Scott was sentenced to 90 months' imprisonment; Shaw was sentenced to 112 months' imprisonment.

In preparation for Hatten's sentencing, the district court reviewed the second superseding indictment, the jury's verdict, the revised presentence report (PSR), the sentencing recommendation, and the government's sentencing memorandum. At sentencing, neither the government nor Hatten objected to the PSR, and the district court adopted it without change. The district court reviewed the PSR's Guidelines calculation, which reported a total offense level of 27 and a criminal history category of IV. Based on those calculations, the district court concluded that the Guidelines range on Counts 1, 2, and 6 was 100 to 125 months' imprisonment and that the Guidelines range on Counts 3 and 7 was 84 months' imprisonment on each count, which must be imposed to run consecutive to all other counts. Hatten did not object to the district court's Guidelines calculations. The probation office recommended a Guidelines sentence of 100 months' imprisonment each on Counts 1, 2, and 6, to be served concurrently, in addition to 84 months' imprisonment each on Counts 3 and 7, to be served consecutively to all other counts. This resulted in a total Guidelines sentence of 268 months' imprisonment.

Hatten argued that this recommended within-Guidelines range sentence was excessive despite being within the applicable Guidelines range. In support, Hatten cited to the lower cumulative sentences that Scott and Shaw received. After

-3-

"listen[ing] to the arguments of the parties and directly from [Hatten]," the district court set forth its reasons for imposing a total sentence of 268 months' imprisonment. R. Doc. 228, at 11. The court acknowledged its "consideration [of] all of the [§] 3553(a) factors, including the defendant's history and characteristics [and] the nature and circumstances of the offense." *Id.* The district court also noted that each of Hatten's two firearm-brandishing convictions, Counts 3 and 7, required sentences of 84 months each, to be served consecutively.

The court then addressed Hatten's argument that the recommended sentence was excessive in light of the sentences that his codefendants received. The court distinguished the codefendants' sentences based on the charges that they included in their plea agreements. In fashioning Hatten's sentence, the court also considered his violent conduct, including "the circumstance at the Tobacco Hut in Council Bluffs where the . . . pregnant employee was struck on her backside and had a gun held to her stomach." *Id.* at 12. The court found "plenty of evidence at trial . . . of violence or at least [the crime] being viewed that way . . . by the victims." *Id.* Having "looked at all of [the relevant] factors" and "looked at the sentencing disparities," *id.*, the court imposed 100 months' imprisonment each on Counts 1, 2, and 6, to be served concurrently with each other. On Counts 3 and 7, the district court sentenced Hatten to 84 months on each count, to be served consecutive to each other and to the sentence imposed on Counts 1, 2, and 6. The resulting total sentence was 268 months. Hatten raised no procedural objections to the sentence.

## II. *Discussion*

On appeal, Hatten argues that his 268-month sentence is substantively unreasonable because of the disparity between his sentence and the sentences that Scott and Shaw received (respectively, 90 months and 112 months).

"We review a defendant's challenge to substantive reasonableness under a highly deferential abuse-of-discretion standard." *United States v. Jones*, 71 F.4th

1083, 1086 (8th Cir. 2023); *see also United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) ("[S]ubstantive appellate review in sentencing cases is narrow and deferential." (internal quotation marks omitted)). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *Feemster*, 572 F.3d at 461 (internal quotation marks omitted). "[The defendant] bears the burden of showing that his sentence should have been lower considering the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Travis*, 659 F. App'x 368, 371 (8th Cir. 2016) (unpublished per curiam) (internal quotation marks omitted). "A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal." *United States v. Garcia*, 946 F.3d 413, 419 (8th Cir. 2019) (internal quotation marks omitted).

"[A] district court has wide latitude under § 3553(a) to lend more weight to some sentencing factors than it does to others." *United States v. Palen*, No. 22-3664, 2023 WL 8015528, at *2 (8th Cir. Nov. 20, 2023) (unpublished per curiam). A district court need not "mechanically recite the § 3553(a) factors, nor is it obligated to make specific factual findings for each factor that it references." *Id.* Instead, "[a]ll that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors." *Id.* (internal quotation marks omitted). "[W]here the district court heard argument from counsel about specific § 3553(a) factors, we may presume that the court considered those factors." *United States v. Keating*, 579 F.3d 891, 893 (8th Cir. 2009). "[A] defendant's disagreement with the district court's balancing of relevant considerations does not show that the court abused its discretion." *United States v. Campbell*, 986 F.3d 782, 800 (8th Cir. 2021).

Because Hatten's 268-month sentence is within the Guidelines range, we afford it a presumption of reasonableness. *See Garcia*, 946 F.3d at 419. Hatten has not overcome this presumption. As the government points out, the 268-month sentence

"was at the bottom of the applicable Guideline[s] range, 100 months on Counts 1, 2, and 6 and the statutory minimum 7 years each on Counts 3 and 7." Appellee's Br. at 12. And the district court stated that it had fully considered all the § 3553(a) factors when arriving at Hatten's sentence, in addition to the Guidelines, the record, and the parties' filings in the case. The district court explained that it did not give much weight to the disparity between Hatten's sentence and those of his codefendants because "the differences between [Scott and Shaw] who were sentenced here have to do more with what charges were dealt with and not dealt with through the plea agreement." R. Doc. 228, at 12. In other words, Scott's and Shaw's plea agreements and acceptance of responsibility affected their sentences, neither of which are applicable to Hatten. *See Garcia*, 946 F.3d at 419–20 (holding that the district court's imposition of a within-Guidelines sentence was reasonable where it appropriately weighed the § 3553(a) factors, regardless of the sentence imposed on a codefendant). Additionally, the court expressly stated that the circumstances of the offense impacted its sentencing determination. R. Doc. 228, at 12 ("I also took into consideration . . . the circumstance at the Tobacco Hut in Council Bluffs where the . . . pregnant employee was struck on her backside and had a gun held to her stomach. . . . I think there's plenty of evidence at trial . . . of violence or at least being viewed that way . . . by the victims."). The district court did not abuse its discretion in imposing the within-Guidelines sentence of 268 months' imprisonment.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.[2]

_____

_____

[2]Hatten's motion for newly discovered evidence is denied.