# United States Court of Appeals

## For the Eighth Circuit

_____

No. 24-3147

_____

United States of America

*Plaintiff - Appellee*

v.

Jason Davis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: January 12, 2026
Filed: June 12, 2026
[Unpublished]

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Jason Davis challenges an enhancement to a felon-in-possession sentence for having "three previous convictions . . . for a violent felony." 18 U.S.C. § 924(e)(1); *see id.* § 922(g)(1). Although he argues that an Arkansas conviction of second-degree battery should not count, *see* Ark. Code Ann. § 5-13-202(a)(1) (2010), we affirm.

The district court[1] included it based on its review of a charging document, his plea statement, and the transcript of the plea hearing. *See United States v. Dawn*, 685 F.3d 790, 794–95 (8th Cir. 2012) (describing the modified categorical approach and explaining it applies to the Arkansas statute at issue here), *abrogated on other grounds by Lofton v. United States*, 920 F.3d 572, 575 (8th Cir. 2019). Together, they confirmed that Davis pleaded guilty to the version of second-degree battery requiring him to have "purpose[ly] . . . caus[ed]" a "physical injury" that turned out to be "serious."[2] Ark. Code Ann. § 5-13-202(a)(1) (2010); *see United States v. Harris*, 950 F.3d 1015, 1021 (8th Cir. 2020) (making the same determination from a charging document); *United States v. Garcia*, 946 F.3d 413, 418 (8th Cir. 2019) (same). As we have recognized before, this offense is a "crime of violence" under the Sentencing Guidelines, *Garcia*, 946 F.3d at 418, which also makes it a "violent felony," *Dawn*, 685 F.3d at 797 n.5 (citation omitted) (treating the two categories interchangeably).

Davis questions the accuracy of the charging document because it lists a habitual-offender enhancement he never received. *Cf. United States v. Thornton*, 766 F.3d 875, 879 (8th Cir. 2014) (reversing because the charging document reviewed by the district court was not the correct one). The plea-hearing transcript clears up any confusion by revealing that the prosecutor dropped it in the plea deal. *See Shepard v. United States*, 544 U.S. 13, 20 (2005) (explaining that a court may look to the "transcript of [the] plea colloquy"). For us, it means that Davis indeed

---

[1]The Honorable Kristine G. Baker, Chief Judge, United States District Court for the Eastern District of Arkansas.

[2]Davis argues that the second-degree-battery conviction at issue here, as well as one other, could not possibly be violent felonies because Arkansas law only requires "causing serious physical injury," Ark. Code Ann. § 5-13-202(a)(1), which does not necessarily involve the use of "physical force," 18 U.S.C. § 924(e)(2)(B)(i). He raises the argument solely to preserve it, however, given that our precedent squarely forecloses it. *See United States v. Rice*, 813 F.3d 704, 706 (8th Cir. 2016).

pleaded guilty to a "violent felony." 18 U.S.C. § 924(e)(1). We accordingly affirm the judgment of the district court.

_____